ALAN PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC 20044
Telephone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov

ANDRÉ BIROTTE, JR.
United States Attorney
Central District of California
LEE WEIDMAN, AUSA
Chief, Civil Division
WENDY WEISS, AUSA
Chief, Civil Frauds Section
Central District of California
California State Bar No. 181073
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, CA 90012
Telephone: (213) 894-0444
Facsimile: (213) 894-2380
E-mail: wendy.weiss@usdoj.gov

Attorneys for Plaintiff
THE UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SPOKEO, INC.,<br><br>　　　　　　　　Defendant. | Case No. CV12- 05001 MMM(SHx)<br><br>**COMPLAINT FOR CIVIL PENALTIES, INJUNCTION AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

Complaint　　　　　　　　　　　　　　　Page 1 of 12

1. Plaintiff brings this action under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 56(a); and section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s(a), to obtain monetary civil penalties, and injunctive or other relief from Defendant for engaging in violations of the FTC Act, 15 U.S.C. § 45(a), and the FCRA, 15 U.S.C. §§ 1681 – 1681x.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 53(b), 56(a), and 1681s.

3. Venue in the United States District Court for the Central District of California is proper under 15 U.S.C. § 53(b) and under 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The Commission is an independent agency of the United States government given statutory authority and responsibility by, *inter alia*, the FTC Act, *as amended*, 15 U.S.C. §§ 41-58, and the FCRA, 15 U.S.C. §§ 1681-1681x. The Commission is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce; and the FCRA, which imposes duties upon consumer reporting agencies.

## DEFENDANT

5. Defendant Spokeo, Inc. ("Spokeo") is a privately-held Delaware C-type corporation doing business in California. Spokeo has its principal place of business at 199 South Los Robles Avenue, Suite 711, Pasadena, CA 91101. Spokeo transacts or has transacted business in this district and throughout the United States.

**COMMERCE**

6. At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in section 4 of the FTC Act, 15 U.S.C. § 44.

**THE FAIR CREDIT REPORTING ACT**

7. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date.

8. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

9. Spokeo assembles consumer information from "hundreds of online and offline sources," such as social networking sites, data brokers, and other sources to create consumer profiles, which Defendant promotes as "coherent people profiles" and "powerful intelligence." These consumer profiles identify specific individuals and display such information as the individual's physical address, phone number, marital status, age range, or email address. Spokeo profiles are further organized by descriptive headers denoting, among other things, a person's hobbies, ethnicity, religion, or participation on social networking sites, and may contain photos or other information, such as economic health graphics, that Spokeo attributes to a particular individual. Among other things, Spokeo sells the profiles through paid subscriptions, which provide a set number of searches based on subscription level, as well as through Application Program Interfaces ("API") that provide customized and/or higher volume access.

10. Since at least 2008, Spokeo has provided its consumer profiles to businesses, including entities operating in the human resources ("HR"), background screening, and recruiting industries, to serve as a factor in deciding whether to interview a job candidate or whether to hire a candidate after a job interview.

    a. Spokeo entered into API user agreements with, and provided high volume access to, paying business customers, including entities operating in the human resources, background screening, and recruiting industries.

    b. In its marketing and advertising, the company has promoted the use of its profiles as a factor in deciding whether to interview a job candidate or whether to hire a candidate after a job interview. Spokeo purchased thousands of online advertising keywords including terms targeting employment background checks, applicant screening, and recruiting. Spokeo ran online advertisements with taglines to attract recruiters and encourage HR professionals to use Spokeo to obtain information about job candidates' online activities.

    c. Spokeo has affirmatively targeted companies operating in the human resources, background screening, and recruiting industries. It created a portion of its website intended specifically for recruiters, which was available through a dedicated click tab labeled "recruiters" that was prominently displayed at the top of the Spokeo home page. Recruiters were encouraged to "Explore Beyond the Resume." In addition, Defendant promoted the Spokeo.com/HR URL to recruiters in the media and in marketing to third parties, and offered special subscription plans for its HR customers.

Complaint                                          Page 4 of 12

11. In 2010, Spokeo changed its website Terms of Service to state that it was not a consumer reporting agency and that consumers may not use the company's website or information for FCRA-covered purposes. However, Spokeo failed to revoke access to or otherwise ensure that existing users, including subscribers who may have joined Spokeo through its Spokeo.com/HR page, or those who had previously purchased access to profiles through API user agreements, did not use the company's website or information for FCRA-covered purposes.

12. The consumer profiles Spokeo provides to third parties are "consumer reports" as defined in section 603(d) of the FCRA, 15 U.S.C. § 1681a(d):

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

Spokeo profiles are consumer reports because they bear on a consumer's character, general reputation, personal characteristics, or mode of living and/or other attributes listed in section 603(d), and are "used or expected to be used . . . in whole or in part" as a factor in determining the consumer's eligibility for employment or other purposes specified in section 604.

13. In providing "consumer reports" Spokeo is now and has been a "consumer reporting agency" ("CRA") as that term is defined in section 603(f) of the FCRA, 15 U.S.C. § 1681a(f). That section defines a "consumer reporting agency" as

> any person which, for monetary fees, dues, or on cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or

> evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Spokeo regularly assembles "information on consumers" into consumer reports that it provides to third parties in interstate commerce, including companies in the human resources, background screening, and recruiting industries. Defendant is in the business of furnishing consumer reports to third parties that are "used or expected to be used" for "employment purposes."

14. Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a), requires CRAs to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes specified in section 604, 15 U.S.C. § 1681b. These procedures require that the CRA, prior to furnishing a user with a consumer report, require the prospective users of the information to identify themselves to the CRA, certify the purpose for which the information is sought, and certify that the information will be used for no other purpose. The CRA must make a reasonable effort to verify the identity of each new prospective user and the uses certified prior to furnishing such user a consumer report. In addition, section 607(a) prohibits any CRA from furnishing a consumer report to any person it has reasonable grounds to believe will not use the consumer report for a permissible purpose. Spokeo has failed to maintain any procedures required by section 607(a).

15. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires all consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of consumer report information. Spokeo has failed to follow any reasonable procedures to assure maximum possible accuracy of the information in reports that it prepared as required by section 607(b).

16. Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), requires CRAs to provide a "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA" ("User Notice") to any person to whom a consumer report is provided by the CRA. As required by section 607(d), the Commission has prescribed the content of the User Notice through a model notice that is set forth in 16 CFR 698, Appendix H. The User Notice provides users of consumer reports with important information regarding their obligations under the FCRA, including the obligation of the user to provide a notice to consumers who are the subject of an adverse action (e.g., denial of employment) based in whole or in part on information contained in the consumer report. Spokeo has failed to provide the section 607(d) User Notice to those who purchase consumer reports.

17. Section 604 of the FCRA, 15 U.S.C. § 1681b, prohibits CRAs from furnishing consumer reports to persons who the consumer reporting agency does not have reason to believe have a "permissible purpose." Section 604(b), 15 U.S.C. § 1681b(b), includes employment purposes as a permissible purpose but prescribes certain conditions for furnishing and using consumer reports for employment purposes. Spokeo regularly furnishes consumer reports to third parties without procedures to inquire into the purpose for which the user is buying the report. Spokeo has violated Section 604, 15 U.S.C. § 1681b, in furnishing consumer reports to persons that it did not have a reason to believe had a permissible purpose to obtain a consumer report.

**COUNT 1 - VIOLATIONS OF SECTION 607(a) of the FCRA**

18. Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a), requires that every consumer reporting agency maintain reasonable procedures to limit the furnishing of consumer reports for enumerated "permissible purposes." These reasonable procedures include making reasonable efforts to verify the identity of each prospective user of consumer report information and the uses certified

by each prospective user prior to furnishing such user with a consumer report.

19. As described in Paragraph 14, Spokeo has failed to maintain such reasonable procedures. For example, Spokeo has failed to require that prospective users of the profiles identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

20. By and through the acts and practices described in Paragraph 19 above, Defendant has violated section 607(a) of the FCRA, 15 U.S.C. § 1681e(a).

21. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 19 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**COUNT 2 - VIOLATIONS OF SECTION 607(b) OF THE FCRA**

22. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

23. As described in Paragraph 15, Defendant has failed to use reasonable procedures to assure maximum possible accuracy of consumer report information.

24. By and through the acts and practices described in Paragraph 23, Defendant has violated section 607(b) of the FCRA, 15 U.S.C. § 1681e(b).

25. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 23 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 3 - VIOLATIONS OF SECTION 607(d) OF THE FCRA

26. Section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), requires that a consumer reporting agency provide, to any person to whom it provides a consumer report ("users"), a User Notice.

27. As described in Paragraph 16, Defendant has failed to provide User Notices to users and thereby has violated section 607(d) of the FCRA, 15 U.S.C. § 1681e(d).

28. By and through the acts and practices described in Paragraph 27 above, Defendant has violated section 607(d) of the FCRA, 15 U.S.C. § 1681e(d).

29. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 27 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT 4 - VIOLATIONS OF SECTION 604 OF THE FCRA

30. Section 604 of the FCRA, 15 U.S.C. § 1681b prohibits CRAs from furnishing consumer reports to persons that it did not have reason to believe had a permissible purpose to obtain a consumer report.

31. As described in Paragraph 17, in multiple instances, Spokeo has furnished consumer reports to persons that it did not have reason to believe had a permissible purpose to obtain a consumer report.

32. By and through the acts and practices described in Paragraph 31 above, Defendant has violated section 604 of the FCRA, 15 U.S.C. § 1681b.

33. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

**SECTION 5 OF THE FTC ACT**

34. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

**VIOLATIONS OF SECTION 5 OF THE FTC ACT**

35. During 2010, Defendant directed its employees to draft comments endorsing Spokeo to be posted on news and technology websites. These comments were reviewed and edited by Spokeo managers and then posted using account names, provided by Spokeo, that would give the readers of these comments the impression they had been submitted by independent, ordinary consumers or business users of Spokeo.

**COUNT 5 - ENDORSEMENTS**

36. As described in Paragraph 35, Defendant has represented, expressly or by implication, that its comments about Spokeo were independent comments reflecting the views of ordinary consumers or business users of Spokeo.

37. In truth and in fact, the comments about Spokeo were not independent comments reflecting the views of ordinary consumers or business users of Spokeo. The comments were created by employees and managers of Spokeo in response to news articles or reviews of Spokeo. Therefore, the representations set forth in Paragraph 36 were, and are, false and misleading.

38. The acts and practices alleged in Paragraphs 35-37 constitute unfair or deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).

**THIS COURT'S POWER TO GRANT RELIEF**

39. Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the Court to award monetary civil penalties in the event of a knowing violation of the FCRA, which constitutes a pattern or practice. Spokeo's violations of the FCRA, as alleged in this Complaint, have been

knowing and have constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by the Debt Collection Improvements Act of 1996, Pub. L. 104-134, § 31001(s)(1), 110 Stat. 1321-373, the Court is authorized to award a penalty of not more than $2,500 per violation for violations occurring before February 10, 2009, and $3,500 per violation for violations occurring on or after that date.

40. Each instance in which Spokeo has failed to comply with the FCRA constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under section 621 of the FCRA, 15 U.S.C. § 1681s. Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

41. Under section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction prohibiting Defendant from violating the FTC Act and the FCRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 1681s, and 1691c, and pursuant to the Court's own equitable powers:

(1) Enter judgment against Defendant and in favor of Plaintiff for each violation alleged in this Complaint;

(2) Enter a permanent injunction to prevent future violations of the FCRA and the FTC Act by Defendant;

(3) Award Plaintiff monetary civil penalties from Defendant for each violation of the FCRA alleged in this Complaint; and

(4) Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper. The parties,

by their counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

| OF COUNSEL: | FOR PLAINTIFF<br>THE UNITED STATES OF AMERICA: |
|---|---|
| MONIQUE EINHORN<br>Attorney<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, D.C. 20580<br>(202) 326-2575 (voice)<br>(202) 326-3062 (fax) | STUART F. DELERY<br>Acting Assistant Attorney General,<br>Civil Division<br>U.S. DEPARTMENT OF JUSTICE<br><br>ANDRÉ BIROTTE, JR.<br>United States Attorney<br>Central District of California |
| JAMIE HINE<br>Attorney<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, D.C. 20580<br>(202) 326-2188 (voice)<br>(202) 326-3062 (fax) | LEE WEIDMAN, AUSA<br>Chief, Civil Division<br><br>*/s/ W. W.*<br>WENDY WEISS, AUSA<br>Chief, Civil Frauds Section<br>Central District of California<br>California State Bar No. 181073<br>Room 7516, Federal Building<br>300 North Los Angeles Street<br>Los Angeles, CA 90012<br>Telephone: (213) 894-0444<br>E-mail: wendy.weiss@usdoj.gov |
| KATHERINE ARMSTRONG<br>Attorney<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, D.C. 20580<br>(202) 326-3250 (voice)<br>(202) 326-3062 (fax) | MAAME EWUSI-MENSAH FRIMPONG<br>Acting Deputy Assistant Attorney General<br><br>MICHAEL S. BLUME<br>Director<br>Consumer Protection Branch<br><br>*Alan Phelps / by wlw / per telephone authority*<br>ALAN PHELPS<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>PO Box 386<br>Washington, DC 20044-0386<br>Telephone: 202-307-6154<br>alan.phelps@usdoj.gov |

**Complaint**     Page 12 of 12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV12- 5001 MMM (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

Name & Address:
Wendy Weiss, AUSA, Chief, Civil Fraud Section
300 North Los Angeles St., Room 7516
Los Angeles, CA  90012

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-05001 MMM(SHx) |
| SPOKEO, INC., | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __ANDRÉ BIROTTE JR., US Attorney__, whose address is __300 North Los Angeles St., Room 7516, Los Angeles, CA  90012__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JUN -7 2012

Clerk, U.S. District Court

Dated: _____     By: __JULIE PRADO__
                                   Deputy Clerk

                              (Seal of the Court)
                              1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                        SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
SPOKEO, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
WENDY WEISS, AUSA, Chief, Civil Fraud Section
300 North Los Angeles Street, Room 7516, Federal Building
Los Angeles, CA 90012; Phn: 213-894-0444; Fax: 213-894-2380

Attorneys (If Known)
ANDREW SERWIN, ROBERT H. GRIFFITH, PETER F. MCLAUGHLIN
Foley & Lardner LLP, 300 K St NW, Suite 600
Washington, DC 20007; Tel: 202.672.5300; Fax: 202.672.5399

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action for civil penalties and injunctive relief under the Fair Credit Reporting Act, 15 USC 1681 et seq.; and the Federal Trade Commission Act, 15 U.S.C. 45

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV12-05001**

FOR OFFICE USE ONLY:   Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _W. U_____ **Date** 6/7/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |