1   ALAN PHELPS
2   Trial Attorney
    Consumer Protection Branch
3   U.S. Department of Justice
    PO Box 386
4   Washington, DC 20044
    Telephone:  202-307-6154
5   Facsimile:  202-514-8742
    E-mail:  alan.phelps@usdoj.gov
6
    ANDRÉ BIROTTE, JR.
7   United States Attorney
    Central District of California
8   LEE WEIDMAN, AUSA
    Chief, Civil Division
9   WENDY WEISS, AUSA
    Chief, Civil Frauds Section
10  Central District of California
    California State Bar No. 181073
11  Room 7516, Federal Building
    300 North Los Angeles Street
12  Los Angeles, CA 90012
    Telephone:  (213) 894-0444
13  Facsimile:  (213) 894-2380
    E-mail: wendy.weiss@usdoj.gov
14
    Attorneys for Plaintiff

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 19 2012

CENTRAL DISTRICT OF CALIFORNIA
BY

LODGED
CLERK, U.S. DISTRICT COURT

JUN -7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

15              THE UNITED STATES OF AMERICA

16      IN THE UNITED STATES DISTRICT COURT

17      FOR THE CENTRAL DISTRICT OF CALIFORNIA

18

19  UNITED STATES OF AMERICA,          Case No.

                                        CV12- 05001 MMM(SHx)
20                  Plaintiff,
                                        **CONSENT DECREE AND**
21          v.
                                        **ORDER FOR CIVIL**
22                                      **PENALTIES, INJUNCTION**
23  SPOKEO, INC.,                       **AND OTHER RELIEF**
24                  Defendant.

25

26      Plaintiff, the United States of America, acting upon notification and

27  authorization to the Attorney General by the Federal Trade Commission

28  ("FTC" or "Commission"), is concurrently filing its Complaint herein, which

**Consent Decree**              Page 1 of 15

1  alleges that Defendant Spokeo, Inc. ("Spokeo") has engaged in violations of

2  the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and in

3  unfair or deceptive acts or practices in violation of Section 5 of the Federal

4  Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). Defendant has been

5  represented by the attorneys whose names appear hereafter. The parties have

6  agreed to entry of this Stipulated Final Judgment and Order for Civil Penalties,

7  Permanent Injunction, and Other Equitable Relief ("Order") to resolve all

8  matters in dispute in this action without trial or adjudication of any issue of law

9  or fact herein and without Defendant admitting the truth of, or liability for, any

10  of the matters alleged in the Complaint. Defendant has waived service of the

11  Summons and Complaint.

12  **THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND**

13  **DECREED** as follows:

14  <u>**FINDINGS**</u>

15  1.  This Court has jurisdiction over the subject matter of this case and over

16  the Parties.

17  2.  Venue in this district is proper under 28 U.S.C. §§ 1391(b) - (c), 28

18  U.S.C. § 1395(a), and 15 U.S.C. § 53(b).

19  3.  The Complaint states claims upon which relief may be granted against

20  Defendant under sections 5(a), 13(b), and 16(a) of the Federal Trade

21  Commission Act, 15 U.S.C. §§ 45(a), 53(b), and 56(a); and under

22  sections 604, 607(a), 607(d), and 621 of the Fair Credit Reporting Act,

23  15 U.S.C. §§ 1681b, 1681e(a), 1681e(d), and 1681s.

24  4.  Defendant makes no admissions to the allegations in the Complaint,

25  other than the jurisdictional facts.

26  5.  Defendant waives: (a) all rights to seek appellate review or otherwise

27  challenge or contest the validity of this Order; (b) any claims Defendant

28  may have against the Commission, its employees, representatives, or

1    agents that relate to the matter stated herein; (c) all claims under the

2    Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L.

3    104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys'

4    fees that may arise under said provision of law.

5  6.  This action and the relief awarded herein are in addition to, and not in

6    lieu of, other remedies as may be provided by law, including both civil

7    and criminal remedies.

8  7.  Entry of this Order is in the public interest.

9  8.  For the purpose of this Order:

10       a.  "Defendant" means Spokeo, Inc., and its successors and assigns;

11       b.  "Permissible purpose" shall mean the circumstances under which a

12         consumer report may be furnished as described in Section 604 of

13         the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

14       c.  The definitions set forth in the FCRA, 15 U.S.C. §§ 1681a, *et seq.*,

15         shall apply;

16       d.  "Material connection" shall mean any relationship that materially

17         affects the weight or credibility of any endorsement and that

18         would not be reasonably expected by consumers;

19       e.  "Endorsement" shall mean as defined in the Commission's Guides

20         Concerning the Use of Endorsements and Testimonials in

21         Advertising, 16 C.F.R. § 255.0; and

22       f.  "Clear and prominent" shall mean:

23         i.   In textual communications (*e.g.*, printed publications or

24            words displayed on the screen of a computer), the required

25            disclosures are of a type, size, and location sufficiently

26            noticeable for an ordinary consumer to read and

27            comprehend them, in print that contrasts with the

28            background on which they appear;

**Consent Decree**                    Page 3 of 15

ii.   In communications disseminated orally or through audible means (*e.g.*, radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them;

iii.   In communications disseminated through video means (*e.g.*, television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (i) of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them, and in the same language as the predominant language that is used in the communication;

iv.   In communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (i) of this definition, in addition to any audio or video presentation of them; and

v.   In all instances, the required disclosures are presented in an understandable language and syntax, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

## ORDER

### I. CIVIL PENALTY

**IT IS ORDERED** that:

1. Judgment in the amount of eight hundred thousand dollars ($800,000) is hereby entered against Defendant, as a civil penalty for violations of the FCRA pursuant to section 621(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(a).

2. Defendant shall make this payment within seven (7) business days of the

**Consent Decree**                    Page 4 of 15

1  date of service of this Order to the Treasurer of the United States by

2  electronic fund transfer in accordance with instructions provided by the

3  Consumer Protection Branch, Civil Division, U.S. Department of Justice,

4  Washington, D.C. 20530, for appropriate disposition.

5  3. In the event of any default in payment, which default continues for ten

6  (10) days beyond the due date of payment, the entire unpaid penalty,

7  together with interest, as computed pursuant to 28 U.S.C. § 1961 from

8  the date of default to the date of payment, shall immediately become due

9  and payable.

10  4. Defendant relinquishes all dominion, control, and title to the funds paid

11  to the fullest extent permitted by law. Defendant shall make no claim to

12  or demand for return of the funds, directly or indirectly, through counsel

13  or otherwise.

14  5. Prior to or concurrently with Defendant's execution of this Order,

15  Defendant shall turn over the full amount of the civil penalty, eight

16  hundred thousand dollars ($800,000), to their attorneys, who shall hold

17  the entire sum for no purpose other than payment to the Treasurer of the

18  United States after entry of this Order by the Court. Within five (5) days

19  of service of this Order, Defendant's attorneys shall transfer such civil

20  penalty payment in the form of a wire transfer to the Treasurer of the

21  United States. Written confirmation of the wire transfer shall be

22  delivered in accordance with the procedures specified by the Consumer

23  Protection Branch, Civil Division, U.S. Department of Justice,

24  Washington, D.C. 20530.

25  6. Defendant agrees that the facts as alleged in the Complaint filed in this

26  action shall be taken as true, without further proof, in any subsequent

27  civil litigation filed by or on behalf of the Commission to enforce its

28  rights to any payment or money judgment pursuant to this Order.

**Consent Decree**                     Page 5 of 15

## II. PROHIBITED BUSINESS ACTIVITIES - FCRA

**IT IS FURTHER ORDERED** that Defendant, and all other persons or entities within the scope of Fed. R. Civ. P. 65, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, device, or other business entity who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from violating the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x, in particular:

1.   Violating section 604 of the FCRA, 15 U.S.C. § 1681b, by furnishing a consumer report to any person who does not have a permissible purpose to receive the consumer report;

2.   Failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to users that have a permissible purpose to receive them under section 604 of the FCRA, 15 U.S.C. § 1681b, as required by Section 607(a) of the FCRA, 15 U.S.C. § 1681e(a);

3.   Failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, as required by section 607(b) of the FCRA, 15 U.S.C. § 1681e(b); and

4.   Failing to provide the "Notice to Users of Consumer Reports: Obligations of Users Under the FCRA" ("User Notice") required by section 607(d) of the FCRA, 15 U.S.C. § 1681e(d), to all users of Defendant's consumer reports. *Provided, however*, that Defendant may provide an electronic copy of the User Notice to a user if: (a) in the ordinary course of business, the user obtains consumer report information from Defendant in electronic form, and (b) the notice is clear and prominent.

**Consent Decree**                    Page 6 of 15

## III. PROHIBITED BUSINESS ACTIVITIES - SECTION 5
## (ENDORSEMENTS)

**IT IS FURTHER ORDERED** that Defendant, and all other persons or entities within the scope of Fed. R. Civ. P. 65, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, device, or other business entity who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

1. Misrepresenting, in any manner, expressly or by implication, the status of any user or endorser of a product or service, including, but not limited to, misrepresenting that the user or endorser is an independent user or ordinary consumer of the product or service; and

2. Making any representation, in any manner, expressly or by implication, about any user or endorser of such product or service unless they disclose, clearly and prominently, a material connection, when one exists, between such user or endorser and the respondent or any other individual or entity manufacturing, advertising, labeling, promoting, offering for sale, selling, or distributing such product or service.

Within seven (7) days of the date of service of this Order, Defendant shall take all reasonable steps to remove any product review or endorsement, currently viewable by the public, that does not comply with this Section.

## IV. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgments of receipt of this Order:

1. Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

2. For five (5) years after entry of this Order, Defendant must deliver a

**Consent Decree**                    Page 7 of 15

1   copy of this Order to: (a) all principals, officers, directors, and managers;
2   (b) all employees, agents, and representatives who participate in conduct
3   related to the subject matter of the Order; and (c) any business entity
4   resulting from any change in structure as set forth in the Section titled
5   Compliance Reporting.  Delivery must occur within seven (7) days of
6   entry of this Order for current personnel.  To all others, delivery must
7   occur before they assume their responsibilities.

3.  From each individual or entity to which Defendant delivered a copy of
    this Order, Defendant must obtain, within 30 days, a signed and dated
    acknowledgment of receipt of this Order.

## V.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions
to the Commission:

1.  One year after entry of this Order, Defendant must submit a compliance
    report, sworn under penalty of perjury.  Defendant must: (a) designate at
    least one telephone number and an email, physical, and postal address as
    points of contact, which representatives of the Commission and Plaintiff
    may use to communicate with Defendant; (b) identify all of Defendant's
    businesses by all of their names, telephone numbers, and physical,
    postal, email, and Internet addresses; (c) describe in detail whether and
    how Defendant is in compliance with each Section of this Order; and (d)
    provide a copy of each Order Acknowledgment obtained pursuant to this
    Order, unless previously submitted to the Commission;

2.  For 20 years following entry of this Order, Defendant must submit a
    compliance notice, sworn under penalty of perjury, within 14 days of any
    change in the following: (a) any designated point of contact; or (b) the
    structure of any entity that Defendant has any ownership interest in or
    directly or indirectly controls that may affect compliance obligations

1       arising under this Order, including: creation, merger, sale, or dissolution

2       of the entity or any subsidiary, parent, or affiliate that engages in any acts

3       or practices subject to this Order.

4  3.    Defendant must submit to the Commission notice of the filing of any

5       bankruptcy petition, insolvency proceeding, or any similar proceeding by

6       or against Defendant within 14 days of its filing.

7  4.    Any submission to the Commission required by this Order to be sworn

8       under penalty of perjury must be true and accurate and comply with 28

9       U.S.C. § 1746, such as by concluding:  "I declare under penalty of

10      perjury under the laws of the United States of America that the foregoing

11      is true and correct. Executed on:_____" and supplying the date,

12      signatory's full name, title (if applicable), and signature.

13  5.   Unless otherwise directed by a Commission representative in writing, all

14     submissions to the Commission pursuant to this Order must be emailed

15     to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal

16     Service) to: Associate Director for Enforcement, Bureau of Consumer

17     Protection, Federal Trade Commission, 600 Pennsylvania Avenue, NW,

18     Washington, DC  20580.  The subject line must begin: *FTC v. Spokeo,*

19     *Inc.*

20                **VI.  RECORDKEEPING**

21       **IT IS FURTHER ORDERED** that Defendant must create certain

22  records for 20 years after entry of the Order, and retain each such record for

23  five (5) years.  Specifically, Defendant must maintain the following records:

24  1.    Accounting records showing the revenues from all goods or services

25       sold, all costs incurred in generating those revenues, and the resulting net

26       profit or loss;

27  2.    Personnel records showing, for each person providing services, whether

28       as an employee or otherwise, that person's: name, addresses, and

**Consent Decree**           Page 9 of 15

1  telephone numbers; job title or position; dates of service; and, if
2  applicable, the reason for termination;

3.  Copies of all training materials that relate to the collection and sale of
    consumer report information;

4.  Copies of all training materials that relate to Defendant's activities as
    alleged in the Complaint and Defendant's compliance with the
    provisions of this Order;

5.  All records and documents necessary to demonstrate full compliance
    with each provision of this Order, including but not limited to, copies of
    acknowledgments of receipt of this Order, required by the Sections titled
    "Distribution of Order" and "Acknowledgment of Receipt of Order" and
    all reports submitted to the FTC pursuant to the Section titled
    "Compliance Reporting";

6.  Complaints and refund requests, whether received directly or indirectly,
    such as through a third party, and any response;

7.  A copy of each advertisement or other marketing material;

8.  If operating as a consumer reporting agency, files containing the names,
    addresses, telephone numbers, and permissible purpose of all entities to
    whom Spokeo supplies consumer reports and all materials considered by
    Defendant to ensure compliance with section 604 of the FCRA;

9.  If operating as a consumer reporting agency, files containing the names,
    addresses and telephone numbers of all users of consumer report
    information and the certifications made by the user pursuant to section
    607(a) of the FCRA, and all materials considered by Defendant in
    connection with its verification of the identity of the user and
    verification of the certifications made under section 607(a), to
    demonstrate Defendant's compliance with section 607(a) of the FCRA;
    and

**Consent Decree**                     Page 10 of 15

10.    If operating as a consumer reporting agency, files containing the names, addresses, telephone numbers of all users of consumer report information that received the section 607(d) User Notice, and all materials considered by Defendant to demonstrate compliance with section 607(d) of the FCRA.

## VII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

1.    Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that, Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Rule 26(c).

2.    For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

3.    The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated

with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

### IX. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a final Order in this action.

**IT IS SO ORDERED:**

Dated this *19th* day of *June*, 2012

*Margaret M. Morrow*

UNITED STATES DISTRICT JUDGE

**FOR THE FEDERAL TRADE COMMISSION:**

_____

MONIQUE EINHORN

Attorney

_____

JAMIE HINE

Attorney

_____

KATHERINE ARMSTRONG

Attorney

_____

MARK EICHORN

Assistant Director

_____

MANEESHA MITHAL

Associate Director

Division of Privacy and Identity Protection

Federal Trade Commission

600 Pennsylvania Avenue, NW

Washington D.C.  20580

Tel:   (202) 326-2252

Fax:   (202) 326-3768

1  **FOR THE DEFENDANT:**

2

3  _____

4  HARRISON TANG

5  President

6  Spokeo, Inc.

7

8

9  ANDREW SERWIN

10  ROBERT H. GRIFFITH

11  PETER F. MCLAUGHLIN

12  Attorneys

13  Foley & Lardner, LLP

14  3000 K Street, N.W., Suite 600

15  Washington, DC 20007-5109

16  Counsel for Spokeo, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

1    The parties, by their counsel, hereby consent to the terms and conditions

2  of the Order as set forth above and consent to the entry thereof.

3    FOR PLAINTIFF
     THE UNITED STATES OF AMERICA:

4
     STUART F. DELERY
5    Acting Assistant Attorney General,
     Civil Division
6    U.S. DEPARTMENT OF JUSTICE

7    ANDRÉ BIROTTE, JR.
     United States Attorney
8    Central District of California

9    LEE WEIDMAN, AUSA
     Chief, Civil Division

10

11   WENDY WEISS, AUSA
12   Chief, Civil Frauds Section
     Central District of California
13   California State Bar No. 181073
     Room 7516, Federal Building
14   300 North Los Angeles Street
     Los Angeles, CA 90012
15   Telephone: (213) 894-0444
     E-mail: wendy.weiss@usdoj.gov
16
     MAAME EWUSI-MENSAH FRIMPONG
17   Acting Deputy Assistant Attorney General

18   MICHAEL S. BLUME
     Director
19   Consumer Protection Branch

20

21   _Alan Phelps / by wdw per telephone authorization_
     ALAN PHELPS
22   Trial Attorney
     Consumer Protection Branch
23   U.S. Department of Justice
     PO Box 386
24   Washington, DC 20044-0386
     Telephone: 202-307-6154
25   alan.phelps@usdoj.gov

26

27

28

**Consent Decree**          Page 15 of 15